### CORWIN v. REDDINGTON and Others.

*A.* held land by title-bond and had paid the purchase-money, and being sued at law for a debt, in order to prevent the land from being sold for the payment of the judgment, caused it to be conveyed, without consideration, during the pendency of the suit, to *B.*, his son, who, before judgment, conveyed it to *C.* Judgment was afterward rendered against *A.* for the debt. *B.* and *C.* both received the conveyance, with a knowledge of the suit, and to prevent a sale of the land to satisfy the judgment; and *A.* still remained in possession of the land. *Held,* that the land was liable in equity for the payment of the judgment.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—Bill in chancery to set aside a conveyance of real estate alleged to be fraudulent, and to subject said real estate to sale, &c. Answers and replications were filed, depositions taken, the cause submitted to the Court for determination, and the bill was dismissed.

The case turns entirely upon the weight of evidence, and it appears to us to be satisfactorily established that the conveyance in question was fraudulent, and should have been set aside.

We shall not embody the evidence in this opinion, further than to say that, in 1833, a judgment was obtained in *Ohio*, for 1000 dollars, against *John Reddington*, who afterwards removed to *Decatur* county, *Indiana*, whither the judgment in *Ohio* followed him. Before its arrival, however, he had purchased a tract of land, which he paid for, taking a bond for a deed. On the arrival of said judgment from *Ohio*, and the institution of suit on it in *Decatur* county, *Indiana*, said *John Reddington* caused said land to be conveyed, without consideration, and to prevent the collection of said judgment, to his son *Philonzo*. Of the fraudulent character of this conveyance, there can be no doubt from the evidence. *Philonzo*, however, conveyed to *William Armington*, and he claims to be a *bona fide* purchaser for a valuable consideration.

We are satisfied he is not such a purchaser. He was the family physician of *John Reddington* at the time, intimately acquainted with his circumstances, and held a bill of sale on all his personal property subject to execution, but which property he suffered to remain in *Reddington's* possession. He purchased the real estate "at Court," a day or two before judgment was rendered on the judgment against *Reddington;* the father, *John*, and the son, *Philonzo Reddington*, and a lawyer being present, and said *Armington* having full knowledge of the state of the title and extent of right in the property of the father and son, and of the pending suit upon the judgment. *Armington* has never taken possession, nor did *Philonzo*. *John Reddington* has all the time continued in the enjoyment of the use of the property. *Armington's* purchase wears a fraudulent face. (1).

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to decree the conveyance in question fraudulent, and the property subject to sale for the payment of the judgment, &c.

*A. Davison*, for the plaintiff.

*J. S. Scobey*, for the defendants.

(1) DAVISON, J., having been concerned as counsel, was absent.